1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PETER A. PRICE,                                    )
                                                             )
                          Plaintiff,               )         Case No.: 2:12-cv-02030-GMN-GWF
          vs.                                            )
                                                             )         **ORDER**
ONEWEST BANK GROUP, LLC, dba      )
INDYMAC MORTGAGE SERVICES; and  )
BARRETT DAFFIN FRAPPIER TREDER & )
WEISS, LLP,                                        )
                                                             )
                          Defendants.         )
                                                             )

This action arises out of the foreclosure proceedings initiated against the property of *pro se* Plaintiff Peter A. Price.  Pending before the Court is the Motion to Dismiss (ECF No. 6) filed by Defendant OneWest Bank, FSB, erroneously named as OneWest Bank Group, LLC, dba Indymac Mortgage Services ("OneWest"), and joined by Defendant Barrett Daffin Frappier Treder & Weiss, LLP ("Barrett") (Joinder, ECF No. 7).  Plaintiff filed a Response (ECF No. 12).  Defendant OneWest filed a Reply (ECF No. 13) and Defendant Barrett joined (Joinder, ECF No. 14).

**I.      BACKGROUND**

Plaintiff filed the action in state court on November 1, 2012, and Defendant OneWest removed to this Court on November 27, 2012. (Notice of Removal, ECF No. 1.)  Plaintiff alleges seven causes of action relating to the property located at 442 Sunrise Villa Drive, Las Vegas, Nevada, 89110, APN #: 140-34-612-026 ("the property"): (1) Injunctive Relief; (2) Declaratory Relief; (3) Breach of the Covenant of Good Faith and Fair Dealing; (4) Fraudulent Misrepresentation; (5) Negligent Misrepresentation; (6) Promissory Estoppel; and (7) Deceptive Trade Practices. (Compl., Ex. B to Notice of Removal, ECF No. 1.)

1    The general allegations underlying Plaintiff's claims describe Plaintiff's unsuccessful

2  attempts to obtain a loan modification for his property.  Plaintiff alleges that in August 2007 he

3  executed a Deed of Trust on the property to secure a mortgage loan from OneWest. (Compl.,

4  2:¶6.)  He alleges that a Notice of Default was issued, and he subsequently filed an application

5  with the Nevada Foreclosure Mediation Program in January 2012. (Compl., 2:¶¶10–11.)

6  Plaintiff describes the months-long process by which he unsuccessfully attempted to

7  communicate with OneWest representatives to obtain a modification, for which he was

8  ultimately rejected. (Compl., 4–5.)  Finally, Plaintiff alleges that OneWest scheduled a

9  Trustee's Sale for November 6, 2012, which OneWest refused to vacate while claiming that it

10  is still reviewing his application. (Compl., 5:¶36.)

11  **II.    LEGAL STANDARD**

12    Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a

13  cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l*

14  *v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to

15  dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the

16  complaint does not give the defendant fair notice of a legally cognizable claim and the grounds

17  on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering

18  whether the complaint is sufficient to state a claim, the Court will take all material allegations

19  as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v.*

20  *Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

21    The Court, however, is not required to accept as true allegations that are merely

22  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

23  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

24  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a

25  violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

1 | *Twombly*, 550 U.S. at 555) (emphasis added).

2 |     In order to survive a motion to dismiss, a complaint must allege "sufficient factual

3 | matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

4 | 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility

5 | when the plaintiff pleads factual content that allows the court to draw the reasonable inference

6 | that the defendant is liable for the misconduct alleged." *Id.*

7 |     A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b)

8 | for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino*

9 | *Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's

10 | complaint contain "a short and plain statement of the claim showing that the pleader is entitled

11 | to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because

12 | "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179

13 | (9th Cir.1996).  Mindful of the fact that the Supreme Court has "instructed the federal courts to

14 | liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132,

15 | 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of

16 | leniency.

17 |     "Generally, a district court may not consider any material beyond the pleadings in ruling

18 | on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the

19 | complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard*

20 | *Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly,

21 | "documents whose contents are alleged in a complaint and whose authenticity no party

22 | questions, but which are not physically attached to the pleading, may be considered in ruling on

23 | a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for

24 | summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule

25 | of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

1 | *Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers

2 | materials outside of the pleadings, the motion to dismiss is converted into a motion for

3 | summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261

4 | F.3d 912, 925 (9th Cir. 2001).

5 |   If the court grants a motion to dismiss, it must then decide whether to grant leave to

6 | amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so

7 | requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on

8 | the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

9 | undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the

10 | amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is

11 | only denied when it is clear that the deficiencies of the complaint cannot be cured by

12 | amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

13 | **III.** **DISCUSSION**

14 |   **A.** **Injunctive and Declaratory Relief**

15 |   Plaintiff's claims for injunctive relief and declaratory relief in his first and second causes

16 | of action depend on the validity and success of his remaining causes of action.  Therefore, as

17 | discussed below, the Court cannot find that Plaintiff has alleged sufficient facts to give

18 | Defendants fair notice of a legally cognizable claim and the grounds on which it rests as to his

19 | first and second causes of action.  To the extent that Plaintiff may sufficiently plead a legally

20 | cognizable claim, Plaintiff is given leave to re-allege his claims for injunctive and declaratory

21 | relief.

22 |   **B.** **Fraudulent and Negligent Misrepresentation**

23 |   To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three

24 | factors: (1) a false representation by the defendant that is made with either knowledge or belief

25 | that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and

1    (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007).

2    For a claim of negligent misrepresentation, Nevada has adopted section 552 of the

3    Restatement (Second) of Torts definition:

> One who, in the course of his business, profession or employment, or in any other [trans]action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information

8    *Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 302 P.3d 1148, 1153 (Nev. 2013) (internal quotation

9    marks omitted) (alterations in original).  "Liability is only imposed on a party who has supplied

10   false information, where that information is for the guidance of others and where the party

11   knows that the information will be relied upon by a foreseeable class of persons." *Id.*

12   A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b).

13   A complaint alleging fraud or mistake must include allegations of the time, place, and specific

14   content of the alleged false representations and the identities of the parties involved. *See Swartz*

15   *v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rule 9(b) does not allow a complaint to

16   merely lump multiple defendants together but requires plaintiffs to differentiate their

17   allegations when suing more than one defendant and inform each defendant separately of the

18   allegations surrounding his alleged participation in the fraud." *Id.*

19   Here, Plaintiff fails to allege sufficient facts to support his claims for fraudulent and

20   negligent misrepresentation in his fourth and fifth causes of action, and provides no additional

21   exhibits to support his factual allegations regarding his negotiation history with Defendants.

22   Primarily, for his allegation of intentional misrepresentation, Plaintiff has not specifically

23   alleged plausible facts showing a false representation made by Defendants that was made with

24   knowledge or belief of falsity, or without sufficient foundation, and has not alleged a plausible

25   factual basis to support the requirement that Defendants intended to induce his reliance.  For his

1   allegation of negligent misrepresentation, Plaintiff has not alleged facts showing a plausible

2   claim that Defendants supplied false information, knowing that the information would be

3   justifiably relied upon, and failing to exercise reasonable care or competence in obtaining or

4   communicating the information.

5       Therefore, the Court will dismiss these claims with leave to amend, so that Plaintiff may

6   cure these deficiencies.

7       **C.    Breach of the Covenant of Good Faith and Fair Dealing, and**
        **Promissory Estoppel**
8

9       An enforceable contract requires: (1) an offer and acceptance, (2) meeting of the minds,

10  and (3) consideration. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

11      Promissory estoppel is a substitute for consideration when consideration is lacking.

12  *Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989).  To establish promissory estoppel

13  four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he

14  must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel

15  has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant

16  of the true state of facts; and (4) he must have relied to his detriment on the conduct of the party

17  to be estopped. *Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984).

18      To state a claim for breach of the covenant of good faith and fair dealing, a plaintiff must

19  allege: (1) plaintiff and defendants were parties to an agreement; (2) defendants owed a duty of

20  good faith to the plaintiff; (3) defendants breached that duty by performing in a manner that

21  was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were

22  denied. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

23      Here, Plaintiff has not alleged sufficient facts to plausibly show that Defendants violated

24  an enforceable contract, with or without consideration.  In his Response (ECF No. 12), Plaintiff

25  appears to argue that the contracts upon which his claims rely are the promissory note and the

1  deed of trust.  However, Plaintiff does not allege a sufficient factual basis for the Court to infer

2  that the terms of these documents include provisions for modification of the loan, and he does

3  not provide copies of these documents to the Court.  As to any other agreement, upon which

4  Plaintiff relies for these claims, the Court cannot find that Plaintiff has sufficiently alleged facts

5  in support, because each of Plaintiff's claims require Plaintiff to alleges a factual basis to

6  plausibly show that there was an offer and acceptance as well as a meeting of the minds as to

7  any agreement or contract upon which Plaintiff's claims rely.  Therefore, these causes of action

8  must be dismissed, with leave to amend.

9         **D.    Deceptive Trade Practices**

10        Chapter 598 of the Nevada Revised Statutes provides for causes of action under the

11  Deceptive Trade Practices Act, but does not provide for its application to real property

12  transactions, only to the sale of goods and services.  Plaintiff has not shown any grounds for

13  this Court to find otherwise, and accordingly, the Court cannot find that Plaintiff has given

14  Defendants fair notice of a legally cognizable claim and the grounds upon which it rests as to

15  his seventh cause of action.

16  **IV.    CONCLUSION**

17        **IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 6) is **GRANTED**.

18  Plaintiff's Complaint is dismissed without prejudice.  Plaintiff is given leave to file an

19  Amended Complaint, curing the deficiencies identified in this Order, by **Friday, October 11,**

20  **2013**.  Failure to do so by this deadline will result in **DISMISSAL** of the action **with**

21  **prejudice**.

22        **DATED** this 20th day of September, 2013.

23

24  _____

25        Gloria M. Navarro
       United States District Judge